Breitel, J. (dissenting).
Defendant Bichard Wachowicz appeals from an order of the Appellate Division, unanimously affirming without opinion a judgment of the Erie County Court. After a jury trial, defendant and codefendant Jack Morris were convicted of attempted burglary in the third degree and possession of burglar’s tools as a misdemeanor. A charge of unlawful intrusion (former Penal Law, § 2036) was dismissed at the close of the People’s case. Defendant Wachowicz was sentenced to the Elmira Beformatory on the attempted burglary charge and to one year in the Erie County Penitentiary on the misdemeanor, the two sentences to run concurrently. Codefendant Morris received a suspended sentence and has not appealed.
The issue here, as in the closely related case of People v. Cleague (22 N Y 2d 363, decided herewith), is whether the People established defendant’s criminal liability as an accomplice. Defendant Wachowicz contends that the People’s circumstantial case does not exclude a reasonable hypothesis of innocence. I agree and would reverse the conviction on the ground that the evidence is insufficient, as a matter of law, to prove guilt beyond a reasonable doubt.
While on motor patrol at 5:30 a.m. on August 30,1964, officers Wood and Mordino of the Buffalo Police Department drove to the Armory Tavern in response to a radio call. Defendant Wachowicz and codefendant Morris were observed walking *375 together on the sidewalk, about 15 feet from the tavern building. As the police car approached, the defendants started walking in opposite directions. The police officers arrested and frisked the two defendants. The search of defendant Wachowicz revealed nothing, but on codefendant Morris the police discovered a “pinch bar ” (small crowbar). When arrested, Wachowicz said nothing, while Morris stated that the two “ weren’t doing anything” and that they were going to meet their wives. A subsequent search of Morris’ car, parked on the street nearby, revealed a large pinch bar and a pair of shears.
The manager of the Armory Tavern testified that he had locked up the building at 3:30 a.m. on the morning in question. When he returned at 6:00 a.m. (after defendants had been arrested) he noticed that a side door had been partly opened and that all three doors of the building bore freshly made marks. Arresting Officer Mordino testified that these marks matched the pinch bar found on codefendant Morris.
In order to convict defendant Wachowicz of attempted burglary and possession of burglar’s instruments, the jury was required to make a number of inferences, some of which have insufficient probability to support an ultimate conclusion of his guilt beyond a reasonable doubt.
From the marks on the doors, which “matched” the pinch bar found on Morris, the jury could infer, and did, that Morris had attempted to break into the tavern. Second, if the first inference is made, these marks would also support the inference that Morris carried the pinch bar for illegal purposes. These two inferences support Morris’ culpability for attempted burglary and possession of burglar’s tools.
But in order to convict defendant Wachowicz of these crimes still further inferences are required. As to him we have only his proximity to Morris on the street, his acquaintanceship with him, and his conduct at the time of arrest. Solely from these facts the jury was required to infer that Wachowicz was an accomplice in the attempted burglary. And from this inference of joint activity the jury was also required to infer that the tools on Morris ’ person and in his car were in the ‘ ‘ constructive possession” of Wachowicz. These last inferences rest on the *376 barest conjecture. From the facts proved, a reasonable hypothesis of defendant’s innocence may be entertained. Consequently, the standard of proof in criminal cases resting on circumstantial evidence—proof excluding to a “ moral certainty” every reasonable hypothesis except that of guilt— has not been met, and this defect raises a question of law reviewable in this court (People v. Bearden, 290 N. Y. 478, 480; Cohen and Karger, Powers of the New York Court of Appeals, p. 743).
Defendant Wachowicz’ observed conduct is consistent with innocence. He was seen walking with Morris on a public sidewalk at an early morning hour. Even accepting that the People sufficiently established Morris’ attempt at burglary, nothing except the circumstance of Wachowicz’ presence in the area and acquaintanceship with Morris ties him to this attempt. The attempt to enter the tavern could have been made at any time between 3:30 a.m. and 5:30 a.m., the time of the arrest. Thus, Wachowicz could well have come upon Morris on the street after the latter had abandoned the attempt to burglarize. Finally, there is no evidence that defendant knew or should have known of the pinch bar concealed on Morris’ person or the tools found in Morris’ car, and the finding that defendant constructively possessed these implements is baseless.
The proof of Wachowicz’ guilty participation in the crimes committed by Morris falls far below the standard established in prior cases. Thus, in People v. Kohn (251 N. Y. 375), this court reversed the conviction of a defendant (Wriede) whose observed behavior could have been that of a lookout or accomplice, but could also have been that of an innocent man. The facts of the case are in remarkable parallel to this one. In that case, while standing in a doorway, defendant Wriede had exchanged hand waves with codefendant Kohn, who was standing at the entrance of an adjoining building which he had allegedly burglarized. Thereafter the two met on the street and began walking away together. In reversing Wriede’s conviction for attempted burglary, the court held (p. 378) that “ the mere wave of a hand by a felon, who is leaving the scene of his crime, and a return wave by the- person saluted, can have no force to establish that the two have been con *377 federates in the offense committed.” By the same token, Wachowicz’ presence in the company of the alleged burglar Morris near the scene of the crime, but not necessarily at or about the time of the crime, is insufficient to establish his participation in the attempted burglary. Notably, this court, in the Kohn case, gave little circumstantial weight to the acquaintanceship between Kohn and Wriede.
Where a circumstantial case rests upon inferences which, singly or cumulatively, are not compelling, there is grave danger that innocent persons will be swept up in a web of suspicious circumstances. The danger is particularly great in 1 ‘ accomplice ” cases, where a strong case against one defendant may illegitimately reinforce a weak case against a codefendant whose participation in a joint criminal scheme is inadequately proved. Courts have always guarded against such logical errors in cases of circumstantial evidence (People v. Cleague, 22 N Y 2d 363, decided herewith; People v. Kohn, supra). This traditional caution should not be diminished merely because modern authorities have also demonstrated the great dangers inherent in direct evidence (see, e.g., 1 Wigmore, Evidence [3d ed.], § 26).
Nor does the perhaps diminishing availability of confessions, a highly trustworthy kind of proof when voluntary, justify out of necessity the substitution of attenuated and, therefore, untrustworthy inferences based on probabilities of low degree. It would be a barbarous result to exclude otherwise credible confessions because obtained unfairly, thus often permitting the guilty to escape punishment, and to accept as sufficient attenuated inferences that would result in convicting many of the innocent.
Accordingly, I dissent and vote to reverse the judgment and dismiss the indictment.
Judges Burke, Scileppi, Keating and Jasen concur with Judge BergaN ; Judge Breitel dissents and votes to reverse in a separate opinion in which Chief Judge Fuld concurs.
Judgment affirmed.